# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 13-0350 |
| vs. | : | |
| | : | CIVIL ACTION |
| SHAREEM MOORE | : | NO. 15-5137 |

## M E M O R A N D U M

**STENGEL, J.**                                                            April 24, 2017

On July 10, 2013, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Defendant Shareem Moore with one count of possession of a firearm by a convicted felon, in violation of Title 18 of the United States Code, Section 922(g)(1). On March 31, 2014, Mr. Moore pleaded guilty to the only count of the indictment pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure 11(c)(1)(C). On October 2, 2014, Mr. Moore was sentenced to seventy-two months' imprisonment, a three-year term of supervised release, and a $100 special assessment. Mr. Moore did not appeal. He filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, alleging claims of ineffectiveness of counsel. The government responded. For the following reasons, I will deny the motion in its entirety without an evidentiary hearing.

## I. BACKGROUND

On September 14, 2012, police officers responded to a radio call of a person with a gun in the area of 5500 Spruce Street, Philadelphia. Police officers Jeremy Olesik and Ronald Green observed Mr. Moore, who fit the description in the radio call, walking

westbound with another individual on the 5500 block of Spruce Street.  The officers were on a plain-clothes burglary detail, driving eastbound on Spruce Street in an unmarked car.  As Mr. Moore walked in the direction of the officers, Officer Green, who was wearing a ballistic vest and police badge, exited the vehicle.  Mr. Moore looked in the direction of Officer Green, and fled in the opposite direction.  Officer Green pursued Mr. Moore on foot, while Officer Olesik pursued him in their vehicle.  Both officers observed Mr. Moore remove a black firearm from his waistband.  Mr. Moore ran northbound across Spruce Street to the 200 block of South Allison Street.  As Mr. Moore cut across the street, Officer Olesik was forced to swerve to avoid hitting him, which caused Officer Olesik's vehicle to collide with another police vehicle.  As Mr. Moore continued to flee, Officers Olesik and Green observed Mr. Moore throw the firearm into a vacant lot on the corner of Allison Street, and run behind a van which was parked a short distance away.  Officer Green found Mr. Moore lying beside the van, and directed him to show his hands.  When Mr. Moore refused to do so, Officer Green and other officers pulled Mr. Moore away from the van and placed him in handcuffs.  Officer Robert Campbell recovered the Smith and Wesson .40 caliber pistol.  The firearm was loaded with fourteen rounds in the magazine, and an additional round in the chamber.  A police check of the firearm showed that it had been reported as stolen, and that it was not manufactured in Pennsylvania.  At the time of his arrest, Mr. Moore had previously been convicted of a crime punishable by more than one year in prison.

## II. LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a).

Section 2255(b) provides the procedure for reviewing the motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b).

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255. See Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); see also 28 U.S.C. § 2255, R. 8(a). In exercising that discretion, the court must decide whether the prisoner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations. See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d. Cir. 1994). Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)); see also Forte, 865 F.2d at 62.

## III.  DISCUSSION

In his motion, Mr. Moore alleges that his counsel provided constitutionally ineffective assistance of counsel because counsel failed to properly explain to him the interstate nexus element of the charge of possession of a firearm by a convicted felon, and also because counsel failed to challenge the government's evidence with respect to the interstate nexus element. These claims are meritless.

The two-part standard of Strickland v. Washington, 466 U.S. 668 (1984), "supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003) (citing Strickland, 466 U.S. at 687). "The benchmark for judging any claim of ineffectiveness must be whether

4

counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Under the two-part inquiry, "[f]irst, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. The measure for counsel's performance under the first prong of Strickland is "whether counsel's assistance was reasonable considering all the circumstances" including "prevailing professional norms." Id. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. The defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Under Strickland, defendants must establish both prongs of the standard for ineffective assistance of counsel, and an ineffective assistance of counsel claim will fail if either prong is not satisfied. Further, Strickland advises courts to resolve such claims on the prejudice prong lest "ineffectiveness claims . . . become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Id. at 697 (stating that "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.")

5

Here, Mr. Moore is mistaken in his understanding of the law with respect to the interstate nexus requirement under 18 U.S.C. § 922(g)(1). The government may meet its burden to prove that the firearm was possessed in or affecting interstate commerce by proving that the firearm had, at any time, traveled across a state boundary line. Contrary to Mr. Moore's contention, it is not necessary for the government to prove that the defendant took or carried the firearm across a state line. Scarborough v. United States, 431 U.S. 563, 564-567 (1977). The Court of Appeals for the Third Circuit has interpreted Scarborough to hold that the transport of a weapon in interstate commerce, however remote in the distant past, gives its present intrastate possession a sufficient nexus to interstate commerce to fall within the ambit of the felon-in-possession statute, i.e., 18 U.S.C. § 922(g)(1). United States v. Singletary, 268 F.3d 196, 200 (3d Cir. 2001). The court has further clarified that proof that a firearm was manufactured in a state other than the state where the possession occurred is sufficient to establish that the possession was "in or affecting commerce" under 18 U.S.C. § 922(g)(1). United States v. Shambry, 392 F.3d 631, 634-635 (3d Cir. 2004); United States v. Gateward, 84 F.3d 670, 671 (3d Cir. 1996). Such proof meets the minimal nexus required to establish that the firearm affected interstate commerce. Shambry, 392 F.3d at 634-635.

I note that Dennis Cogan, Mr. Moore's defense counsel, submitted a signed Affirmation in response to Mr. Moore's claims of ineffective assistance of counsel. See Document #43, Exhibit A. Mr. Cogan reminds the court that the written guilty plea agreement in this case (executed by the parties including Mr. Moore), the change of plea

memorandum (which Mr. Cogan carefully reviewed with Mr. Moore), and the in-court colloquy all set forth the elements of the offense to which Mr. Moore pleaded guilty. Mr. Cogan also indicates that he and his co-counsel reviewed the elements with Mr. Moore at the Federal Detention Center in Philadelphia before Mr. Moore's guilty plea proceeding. He acknowledges that he explained to Mr. Moore that in order to establish the interstate commerce nexus, the government only had to show that at some time the gun traveled in interstate commerce, however remote in the distant past it moved in interstate commerce. The government was prepared to prove that Smith & Wesson firearms are manufactured in the Commonwealth of Massachusetts, not in Pennsylvania. Mr. Moore's allegations that counsel was ineffective for failing to explain properly the interstate nexus element of the charge of possession of a firearm by a convicted felon, and for failing to challenge the government's evidence with respect to the interstate nexus element, are groundless. Accordingly, Mr. Cogan cannot be ineffective for failing to present such frivolous arguments on Mr. Moore's behalf. Neither prong of the Strickland standard has been established. Strickland, 466 U.S. at 697.

In conclusion, for the reasons stated, I find that all of Mr. Moore's claims are meritless and should be dismissed without an evidentiary hearing. When a district court issues a final Order denying a § 2255 motion, the court must also decide whether to issue or deny a certificate of appealability. See 28 U.S.C. § 2255, R. 11(a). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). I find that no certificate of

appealability should be issued in this case because Mr. Moore failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

      An appropriate Order follows.