**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | **NO. 13-0350** |
| **vs.** | : | |
| | : | **CIVIL ACTION** |
| **SHAREEM MOORE** | : | **NO. 15-5137** |

## O R D E R

**AND NOW,** this 24th day of April, 2017, upon consideration of the defendant's

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Document #37),

the government's response thereto (Document #43), and the defendant's reply brief

(Document #44), IT IS HEREBY ORDERED that:

1. The motion is DENIED in its entirety without a hearing.

2. The defendant's request to supplement his pending motion pursuant to the

recent Supreme Court decision in <u>Johnson v. United States</u> (Document #45) is DENIED.[1]

3. A certificate of appealability shall not issue under 28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to mark this case CLOSED for statistical purposes.

BY THE COURT:

*/s/ **Lawrence F. Stengel***
LAWRENCE F. STENGEL, J.

---

[1] Mr. Moore's reliance on the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015), is misplaced. Mr. Moore was sentenced pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure which recommended a sentence of seventy-two months' incarceration. Apart from that agreement, Mr. Moore's total offense level was 25, and his criminal history category was IV, yielding an adjusted guideline range of 84-100 months' imprisonment. The <u>Johnson</u> decision held that the "residual clause" in the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. Mr. Moore's case did not involve the Armed Career Criminal Act. Accordingly, the <u>Johnson</u> decision can provide Mr. Moore no relief.